```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT


ANDRES R. SOSA,                 :
     Plaintiff,                 :
                                :
     v.                         :   Civil No. 3:03-cv-2131(AWT)
                                :
GREEN, et al.,                  :
     Defendants.                :
```

### RULING ON PLAINTIFF'S MOTION
### FOR MODIFICATION OF JUDGMENT [ECF Nos. 87 and 89]

The parties settled this case in 2006 and thereafter filed a stipulation indicating that the case was withdrawn. ECF No. 47. In 2016, the plaintiff, Andres R. Sosa, filed a motion seeking to hold the defendants in contempt for violating the settlement agreement. The court held that it lacked jurisdiction to rule on the motion for contempt because it lacked jurisdiction to enforce the settlement agreement. ECF No. 84 (accepting Recommended Ruling, ECF No. 82). The plaintiff now moves, pursuant to Federal Rule of Civil Procedure 60(b)(3), to modify the 2016 decision so he can seek enforcement of the settlement agreement in this court. For the following reasons, the motion is being denied.

I.  **LEGAL STANDARD**

Even where a court has not retained jurisdiction to enforce a settlement agreement, it may consider a motion for relief

under Rule 60(b).  See Kokkenan v. Guardian Life Ins. Co., 511 U.S. 375, 378 (1994); Hendrickson v. United States, 791 F.3d 354, 360 (2d Cir. 2015) ("When a district court issues a final decision, it 'disassociates itself from a case' and its jurisdiction over the case comes to an end, except for certain collateral matters especially reserved by ... the Federal Rules, *see, e.g.*, ... Fed. R. Civ. P. 60(b) (motions for relief from judgment).")(citations omitted).

Federal Rule of Civil Procedure 60(b)(3) allows a court to relieve a party from a judgment or order when the opposing party commits fraud or makes misrepresentations.  To prevail on a Rule 60(b)(3) motion, the moving party must demonstrate by clear and convincing evidence that the non-moving party engaged in fraud, misrepresentation, or other misconduct which prevented the moving party from fully and fairly presenting his case.  See Spaulding v. New York City Dep't of Educ., 407 F. Supp. 3d 143, 149 (E.D.N.Y. 2017) (citations omitted).

Motions for relief from judgment are generally not favored. Thus, the motions will be granted "only upon a showing of exceptional circumstances."  United States v. International Bhd. Of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).  The burden on the moving party is even higher where "the parties submit to an agreed-upon disposition instead of seeking a resolution on the merits."  Spaulding, 407 F. Supp. 3d at 149 (internal quotation

2

marks and citation omitted).

## II. DISCUSSION

The plaintiff challenges the court's determination that it lacks jurisdiction to enforce the settlement agreement. The recommended ruling of the magistrate judge was accepted on February 18, 2016, and the order denying the plaintiff's motions was entered on that date. Motions filed pursuant to Rule 60(b)(3) must be filed no more than a year after entry of the order. Fed. R. Civ. P. 60(c)(1). The plaintiff filed this motion on March 16, 2021, over five years after entry of the order. Thus, the motion is denied because it is untimely.

Even if the motion were timely, however, it would be denied. In support of his motion, the plaintiff submits a transcript of a June 2007 hearing in state court on the plaintiff's motion for contempt regarding the settlement agreement reached in this case. ECF Nos. 87 and 89 at 9-15. At the hearing counsel for the defendants suggested that the motion for contempt would be more appropriately filed in federal court rather than in state court. Id. at 11. When counsel told the state court that this court had approved the settlement agreement, the state judge informed the plaintiff that the state court did not have jurisdiction to enforce a federal court settlement. Id. at 13.

In fact, the terms of the settlement agreement were not approved by this court. The parties merely stipulated that the case could be withdrawn and the court accepted the stipulation. The settlement agreement was not submitted to the court for approval. None of the defendants' motions for extension of time to file a dispositive motion in this case referred to settlement negotiations and the court was not informed that the reason for the stipulation was a settlement agreement. Counsel's statement that the settlement was approved by this court was not correct.

However, the misrepresentation was made to the state court, not to this court. In denying the plaintiff's motion, the court relied on precedent, not counsel's statement in state court. Thus, as counsel committed no fraud or misrepresentation in this court that prevented the plaintiff from presenting his case here, there is no basis for the plaintiff's Rule 60(b)(3) motion.

Once again, "a district court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (citation and internal quotation marks omitted). There are no federal statutes that provide federal court jurisdiction over the contractual dispute relating to an out-of-court settlement agreement. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. at

381. The only time a federal court has jurisdiction over a contractual dispute of this type is when the court specifically retains jurisdiction over the settlement agreement or when the settlement agreement is incorporated into the order dismissing the case. Id. Neither condition occurred in this case. Thus, this court lacks jurisdiction to enforce the settlement agreement.

The court notes that the court did entertain several motions regarding the settlement agreement filed from 2009 to 2013. See ECF Nos. 51, 65, 71. In 2014, however, the Second Circuit vacated a district court order enforcing a settlement agreement because the court lacked jurisdiction for the reasons discussed above. See StreetEasy, Inc. v. Chertok, 752 F.3d 298, 305-06 (2d Cir. 2014). Relying on that decision, the court denied the plaintiff's 2015 motion for contempt. Under United States Supreme Court and Second Circuit law, this court lacks jurisdiction to enforce the settlement agreement or entertain motions relating to the settlement agreement.

### III. CONCLUSION

Accordingly, the plaintiff's motion for modification of judgment [ECF Nos. 87 and 89] is hereby DENIED.

It is so ordered.

Signed this 21st day of April 2021 at Hartford, Connecticut.

```
                           _____/s/AWT_____
                              Alvin W. Thompson
                           United States District Judge
```